U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 7 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERNA SESSION, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-224-A |
| | § | |
| JODY R. UPTON, WARDEN, | § | |
| FMC-CARSWELL | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Verna Session, who is presently incarcerated at Federal Medical Center-Carswell ("FMC-Carswell"). Having considered the petition, the response, petitioner's reply,[1] and applicable legal authorities, the court concludes that the petition should be denied.

I.

Background and Grounds for the Petition

On April 15, 2003, a criminal complaint was filed in the United States District Court for the Eastern District of

---

[1] The court received a letter from petitioner on June 6, 2014, wherein she claims that she has been given an inappropriate medication. However, because such claim does not challenge the manner in which petitioner's sentence is being executed, the court is not considering the letter for any purpose in this action.

Pennsylvania, alleging that petitioner abducted a child and transported him in interstate commerce, in violation of 18 U.S.C. § 1201. On May 16, 2003, the district court found by a preponderance of the evidence that petitioner was suffering from a mental disease or defect rendering her mentally incompetent to the extent that she was unable to understand the nature and consequences of the proceedings against her, and to properly assist in her own defense. The district court ordered petitioner committed to the custody of the Attorney General for competency restoration at a suitable Federal Bureau of Prisons facility.

On December 2, 2003, FMC-Carswell filed a certificate of recovery and informed the district court that it was the opinion of the clinical staff that petitioner had recovered from symptoms of a mental disease or defect to the extent that she was competent to proceed. On October 27, 2004, the district court found petitioner competent to proceed with the criminal proceedings. An indictment was filed on December 14, 2004, charging petitioner with kidnapping in violation of 18 U.S.C. § 1201. On June 9, 2005, the district court held a bench trial and found petitioner not guilty by reason of insanity.

On June 10, 2005, the district court ordered a psychological examination be conducted pursuant to 18 U.S.C. § 4243(b). On October 27, 2005, FMC-Carswell notified the district court that

it was the opinion of the clinical staff that petitioner had recovered from symptoms of a mental disease or defect to the extent that her conditional release would not create a substantial risk of bodily injury to another person or serious damage to property of another. However, on August 14, 2006, following hearings held on February 27, 2006, and April 7, 2006, the district court found that petitioner had failed to establish by clear and convincing evidence that her release pursuant to 18 U.S.C. § 4243(e) would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect, and ordered petitioner committed to the custody of the Attorney General for action consistent with 18 U.S.C. § 4243(e).

On September 18, 2006, the Philadelphia County Mental Health Office and Norristown State Hospital denied FMC-Carswell's request for transfer of petitioner for inpatient treatment.

On January 28, 2008, FMC-Carswell informed the district court that it was the opinion of the forensic staff that petitioner had recovered from symptoms of a mental disease or defect to the extent that a conditional release would not create a substantial risk of bodily injury to another or serious damage to property of another, and on March 7, 2008, FMC-Carswell filed a certificate of recovery. On September 29, 2008, the district

court held a hearing, and the request for conditional release was withdrawn. Therefore, the district court ordered petitioner's commitment pursuant to 18 U.S.C. § 4243 to remain in effect.

On December 28, 2012, FMC-Carswell informed the district court that the clinical staff was of the opinion that petitioner exhibited ongoing symptoms of a severe mental illness and represented a substantial danger to the safety of others if she were to be released. The FMC-Carswell clinical staff recommended that petitioner continue to remain at FMC-Carswell. On January 3, 2014, FMC-Carswell again reported that petitioner continues to exhibit ongoing symptoms of a severe mental illness and represents a substantial danger to the safety of others if she were to be released and recommended that she remain at FMC-Carswell.

On March 28, 2014, petitioner filed her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that (1) since her adjudication of not guilty by reason of insanity she has been committed to the wrong institution; (2) her mental illness and substance abuse issues have not been effectively treated; (3) because of the amount of time she has spent in isolation, segregation, or restricted to a unit, she has been "regularly deprived of recreation, religious services, and all privileges and rights afforded to [her];" (4) her

imprisonment is cruel and unusual punishment because she has diabetes and she is being prescribed drugs that directly affect her health; and (5) she is being "neglected and abused far more than the average prisoner." Pet. at 2, 3. Petitioner requests to be discharged to a residential treatment facility and released "for better care and treatment." Id.

## II.

## Analysis

A.  Grounds Not Cognizant under § 2241

Many of the grounds in the petition are not cognizant under § 2241. "[H]abeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration." Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969). Allegations challenging the rules, customs, and procedures affecting conditions of confinement are properly brought in a civil rights action. Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987). "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,'" the proper course for the prisoner is a civil rights suit. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995) (per curiam)) (alterations in original). "Simply stated, habeas is not available to review questions unrelated to the cause of

5

detention." <u>Pierre v. United States</u>, 525 F.2d 933, 935 (5th Cir. 1976).

Several of petitioner's claims relate only of the conditions of her confinement: ineffective treatment of her mental illness and substance abuse issues; deprivation of recreation, religious services, and other rights and privileges; cruel and unusual punishment as a result of being prescribed drugs that affect her health; and negligence and abuse. A favorable determination on these claims would have no effect on her projected date of release. Therefore, such claims are not cognizable under § 2241. If petitioner wishes to pursue these claims, she must do so in an appropriate civil action and pay the applicable filing fee.

B.  <u>Grounds Cognizant under § 2241--Failure to Exhaust Administrative Remedies</u>

Petitioner's claim that she is being held in the wrong facility, and her related request for release for better care, is cognizant under § 2241 because she is "challenging the very fact or duration of [her] physical imprisonment, and the relief [she] seeks is a determination that [she] is entitled to immediate release or a speedier release from that imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Although respondent asserts that petitioner's claim is really a request for release pursuant to 18 U.S.C. § 4243, which must be heard by the court

that issued the commitment order, petitioner states unequivocally in her reply that she is not seeking release under 18 U.S.C. § 4243, but rather, is "challenging the very fact of her imprisonment." Reply at 1. Petitioner contends that "confining her as an unconvicted and unsentenced person in a high security Federal prison system is so patently unconstitutional that it needs to be drawn into question." Id. at 2. Petitioner further claims that she is "challenging the very fact and the Constitutionality of her automatically being placed in Federal prison based on being accused or found not guilty by reason of insanity." Id. at 2. Therefore, the court finds that petitioner's claim is properly brought under 28 U.S.C. § 2241 and is not a request for relief pursuant to 18 U.S.C. § 4243.

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (quoting Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir.1985)) (internal quotation marks

7

omitted). However, such exceptions apply "only in 'extraordinary circumstances,'" and the petitioner "bears the burden of demonstrating the futility of administrative review." Id.

The Bureau of Prisons has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49. These procedures generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons's Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

The records provided by respondent demonstrate that petitioner has not sought any administrative remedies in regards to the relief she now requests. Petitioner mentions nothing in her petition regarding her attempts to seek an administrative remedy. In her reply, petitioner states only that her "petition

8

represents no threat to the integrity of the exhaustion doctrine" and that "[t]he rule of exhaustion in federal habeas corpus action is rooted in considerations of federal-state comity; this principle has as much relevance in areas of particular administrative concern as it does where state judicial action is being attacked." Reply at 1. Therefore, petitioner has failed to carry her burden of showing that administrative remedies are unavailable or inappropriate to the relief sought or that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Thus, the court concludes that petitioner has failed to exhaust her administrative remedies and, therefore, is not entitled to relief under 28 U.S.C. § 2241.

C. Request for Appointment of Counsel

Attached to petitioner's application to proceed in forma pauperis is a letter to the clerk of this court in which petitioner appears to request appointment of counsel. However, a petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding, McFarland v. Scott, 512 U.S. 849, 857 n. 3 (1994), and petitioner has not shown that the ends of justice require such an appointment. See Schwander v. Blackburn, 750 F.2d 494, 502-03 (5th Cir. 1985); Ortloff v. Fleming, 88 Fed. App'x 715, 717 (5th Cir. 2004). Therefore, petitioner's request is being denied.

9

III.

<u>Order</u>

Therefore,

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Verna Sessions, be, and is hereby, dismissed.

The court further ORDERS that petitioner's request for appointment of counsel, be, and is hereby, denied.

SIGNED July 7, 2014.

_____
JOHN MCBRIDE
United States District Judge